Hornblowee, C. J.
By the twelfth section of the statute, Elm. Dig. 171, it is provided, that if any action be pending against any executor or administrator, at the time when such executor or administrator shall make application to the Orphans’ Court, as directed by the thh’d section of the statute; or, if any action shall be brought against an executor or administrator after such application made, then the plaintiff may proceed to judgment, “ but ao execution shall in any case issue after the making of such application, and the amount of such judgment, shall be the sum on which the creditor shall receive his ratable *3 proportion.” Now it is plain, that the words, “ no execution shall in any case issue, after the making of such application,” must be taken to mean, that no execution shall issue, in any such casej that is, in any case where the application was made pending the action : or where the action has been commenced, after the application. If we do not so read and understand the statute, then all the preceding part of the section is unmeaning, and worse than useless. If the legislature meant to say, that no execution should issue against executors or administrators, in any ease, or upon any judgment, after such application made to the Orphans’ Court, then the words, “ if any action be pending, when application is made, or if any action shall be brought after application made,” are entirely useless and without meaning. In such case the plaintiff’s right to an execution would not depend npon the question, whether his action was pending when ; or whether it was commenced after application made; but simply upon the question, whether the executor or administrator had declared the estate insolvent, without any regard to the time when the action was commenced, or when the judgment was entered. An application to the Orphan’s Court, after judgment by default, or even after trial and judgment upon a false plea, would bar an execution. But that is not the meaning of the statute. If the legislature had intended to say, that no execution should issue in any case, after application made to the Orphans’ Court; even if judgment has been entered before such application, their language would have been very different. They would simply have enacted, that no execution should issue upon any judgment against an executor or administrator after such executor or administrator has applied to the Orphans’ Court &c.
The subsequent as well as the preceding language of the section, shows that the legislature only meant to take away the right of execution upon judgments obtained against executors or administrators, after such application has been made. Or in other words, (and which is the same thing,) upon judgments obtained in any action which was pending when the application was made, or commenced after it was made: for in either of those eases, the judgment would necessarily be entered after the application had been made. The concluding words of the section, are that “ the amount of such judgment when recovered, shall be the sum ” &c. *4 evidently referring to such judgments, as may be entered in actions that were pending, when the application was made; or in such actions as were commenced afterwards.
The construction contended for by defendant’s counsel, would introduce a new rule of law in the administration of estates, not created by statute, nor resulting by any necessary implication, from one. A judgment against an executor or administrator, whether by default or on demurrer, or upon any plea, except plene administravit, or assets to a certain amount and riens ultra, is conclusive upon him that he has assets to satisfy such judgment. 2 Williams on Executors, 1201; Id. 1216; Id. 1209 ; Id. 1224 et seq.; Rock v. Leighton, 1 Salk. 310; Erving v. Peters, 3 T. R. 685; Ramsden v. Jackson, 1 Atk. 292; 1 Saund. 335, n. 10; Id. 337, n. 1; Id. 219, b note, to Wheatly v. Lane. In the case of the executors of Baracliff v. admrs. of Griscom, Coxe R. 165, which was debt on a judgment against the defendants by default, the defendants pleaded plene administravit: but this court on motion, struck out the plea, saying, “Judgment by default, is a confession of assets: want of assets therefore can never be given in evidence — of course the plea is bad: the administrators are estopped by the judgment.” So stood the law in this state, in 1793, and so I apprehend it still is, except so far as by the statute in question, it has been altered in its application to judgments obtained against executors or administrators, after they have applied to the Orphans’ Court, as in case of insolvent estates. It has indeed been questioned, whether under our statutes regulating the administration of estates, the plea of plene administravit would be a good plea; since, by force of those statutes, no debts are preferred, except debts of record, physician’s bill for last sickness, and funeral expenses. All others are to be paid ratably, if there are not assets to pay all, and the executor or administrator must find out at his peril, whether the estate is solvent' or not. But the decision of this case does not involve that question. Admitting that executors or adminstrators cannot now plead, plene administravit, either generally or specially, it subjects them to no hardship : at least none that we can relieve • them from. The legislature have protected them from suits, for six months after the death of their testator or intestate, (except in case of fraud) for the express purpose of enabling them to ex- *5 amiue the condition of the estate, and to ascertain its amount and value, and the debts to be paid out of the same. Elm. Dig. 169. Ordinarily, that is sufficient time, and if it is not, the legislature must extend it.
But there is another full and perfect answer to this motion. If this scire facias is an action within the statute, the defendants need no such plea as they wish to put in. The statute is their protection and it need not be pleaded. Let the parties proceed upon the plea of payment, and ascertain whether any thing, and if any thing, how much remains due on the judgment: and if the defendants suppose the plaintiffs are not entitled to execution for the amount that may be found due, it will then be time enough to ¡raise this question. For instance, if the defendants should .be now sued upon a bond or note made by their intestate, it would not be necessary for the defendants to plead, the proceedings in the Orphans5 Court, in order to bar execution. The statute says, the plaintiff may proceed to judgment, but shall have no execution, and the sum found shall be the basis upon which he shall receive a ratable proportion. Of course, if this scire facias is an action within the statute, the same rale applies.
But this is not such an action as the statute contemplates. It is only a proceeding to obtain execution upon a judgment, on which the plaintiffs had a right to issue one as soon as it was entered, and which then concluded and still concludes the defendants from denying assets. Surely if the plaintiffs had sued out execution, within a year and a day, a subsequent declaration of insolvency in the Orphans5 Court, would not have superseded it *. nor can the defendants by any act of theirs, divest the plaintiffs of their right to an execution now.
In my opinion, the motion must be denied. If I had the least doubt, I should be in favor of allowing the amendment, and put the plaintiffs to a demurrer, so that the whole matter might be on the record and thus be reviewed in error: but having no doubt, I cannot consent to a plea which, on a motion to strike out, I should feel bound to overrule.

Let the motion be denied.

Cited in Haines v. Price, Spenc. 481-482; Howell’s Adm’r v. Pott s’ Adm’r, Id. 574; Southard v. Potts, 2 Zab. 283; Taylor v. Volk, 9 Vr. 208.